MEMORANDUM *
Swan View Coalition and Friends of the Wild Swan appeal the district court’s partial summary judgment in favor of the government defendants in Swan View’s action challenging motorized access management in the Flathead National Forest. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgment de novo and the Endangered Species Act claims under arbitrary and capricious standards. Native Ecosystems Council v. Dombeck, 304 F.3d 886, 891-92 (9th Cir.2002).
1. Claims against the Fish & Wildlife Service
Appellants argue that the Biological Opinion’s environmental baseline should have assumed that the seven Forest Service project decisions without timetables for completion had closed roads by 2005, the original forest plan objective date. Both the Forest Service and FWS concluded that the seven projects did not require that the Forest Service act by any particular date. However, since the record does not establish that the Forest Service included deadlines in the decisions or that any of the roads had been closed, we defer to this factual conclusion. Native Ecosystems Council v. U.S. Forest Serv., 418 F.3d 953, 960 (9th Cir.2005) (noting that we do not defer to agency decisions “without substantial basis in fact”). FWS properly used actual habitat conditions as allowed by Nat'l Wildlife Fed’n v. Nat'l Marine Fisheries Serv., 524 F.3d 917, 924 (9th Cir.2008).
*297 Nor was the incidental take statement arbitrary. The Biological Opinion specifically linked motor vehicle access and density to grizzly habitat and survival to define incidental take through ecological habitat conditions as permitted by Ariz. Cattle Growers’ Ass’n v. U.S. Fish & Wildlife, 273 F.3d 1229, 1250 (9th Cir.2001). The incidental take statement also contained sufficient triggers for reinitiated consultation; the Forest Service’s failure to meet any of the numerous reasonable and prudent measures by specified dates will trigger reinitiated consultation. This, too, is allowed under Ariz. Cattle Growers’ Ass’n. Id.
The Biological Opinion did not fail to consider whether the extended deadlines were consistent with Interagency Grizzly Bear Guidelines. The Guidelines are not binding on FWS, Center for Biological Diversity v. U.S. Fish & Wildlife Serv., 450 F.3d 930, 942-43 (9th Cir.2006), but FWS did indeed consider them (and the best scientific data upon which the Guidelines were created), including evidence that “large contiguous blocks of unroaded habitat are important to survival” of grizzly bears.
2. Claim against the Forest Service
Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004), precludes Appellants from asserting a National Forest Management Act APA § 706(1) claim to enforce the motorized access objectives set forth in Amendment 19 to the Forest Plan. The objectives not incorporated into project decisions are statements of priorities, not legally binding commitments enforceable under § 706(1). Norton, 542 U.S. at 71, 124 S.Ct. 2373; 36 C.F.R. § 219.7(a)(2)(h). As for the seven project decisions without Forest Service timetables for road closures, the record does not establish that the decisions required that the Forest Service close the roads by the original 2005 Amendment 19 deadlines.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.